IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| YUNIOR R. FERNANDEZ, | : | |
|     Petitioner | : | No. 1:18-cr-00007-3 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

## MEMORANDUM

Presently before the Court is Petitioner Yunior R. Fernandez ("Petitioner")'s motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 169.) For the reasons that follow, the Court will deny Petitioner's motion.

**I.  BACKGROUND**

On January 10, 2018, a federal grand jury returned a two-count indictment charging Petitioner with conspiracy to distribute and possess with intent to distribute one kilogram and more of heroin and five hundred (500) grams and more of methamphetamine (Count I) and attempt to possess with intent to distribute the same (Count II). (Doc. No. 1.) On February 15, 2019, following a jury trial, the jury returned a verdict of guilty on both counts. (Doc. No. 120.) The Court subsequently held a sentencing hearing, during which the Court sentenced Defendant to a term of one hundred twenty (120) months' imprisonment. (Doc. Nos. 153, 154.) Petitioner appealed this judgment to the United States Court of Appeals for the Third Circuit on June 13, 2019. (Doc. No. 156.) The Third Circuit ultimately affirmed the Court's judgment. (Doc. No. 165-2.)

Petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255 on September 14, 2020, along with a brief in support. (Doc. Nos. 169, 170.) On September 21, 2020, the Court issued an Order directing Petitioner to complete and file a Notice of Election form within

forty-five (45) days of the date of that Order. (Doc. No. 172.) When Petitioner filed no response, the Court issued an identical Order on November 23, 2020. (Doc. No. 173.) On January 5, 2021, the Court received a signed copy of the Notice of Election form, dated December 7, 2020, with a checkmark next to the option reading, "I have labeled my motion as a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. I choose to have the court rule on my motion as filed." (Doc. No. 174.) Thereafter, the Court directed the Clerk of Court to serve a copy on the Government. (Doc. No. 175.)

In his pending motion to vacate, Petitioner asserts that he received ineffective assistance of counsel in two respects. (Doc. No. 169.) Petitioner was represented at all relevant times by Craig E. Kauzlarich. (Id.) Petitioner asserts the following claims regarding Mr. Kauzlarich's representation:

Ground One:   Counsel provided ineffective assistance by failing to request a severance trial; and

Ground Two:   Counsel provided ineffective assistance by failing to demonstrate to the jury during Petitioner's trial that the evidence was insufficient to find Petitioner guilty.

(Id. at 5.)

As noted, supra, Petitioner filed a brief in support of his motion at the time it was filed. (Doc. No. 170.) After being granted two extensions of time to file a response (Doc. Nos. 178, 181), the Government filed its opposition to the instant motion on February 24, 2021 (Doc. No. 180). Petitioner did not file a reply, and, as the time for filing one has expired, the motion is now ripe for disposition.

**II.     LEGAL STANDARD**

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion requesting that the sentencing court vacate, set aside, or correct his sentence on the basis "that the sentence was

imposed in violation of the Constitution or laws of the United States, or that the [C]ourt was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255(a). However, Section 2255 does not afford a remedy for all errors that may have been made at trial or during sentencing. See United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). Rather, Section 2255 is implicated only when the alleged error raises "a fundamental defect which inherently results in a complete miscarriage of justice." See Addonizio, 442 U.S. at 185. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a petitioner has one year from the time his conviction becomes final to file a Section 2255 motion. See 28 U.S.C. § 2244.

In order to establish entitlement to relief, a collateral attack of a sentence based upon a claim of ineffective assistance of counsel must meet a two-part test established by the Supreme Court in Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984). See George v. Sively, 254 F.3d 438, 443 (3d Cir. 2001). The first Strickland prong requires Petitioner to "establish first that counsel's performance was deficient." See Jermyn v. Horn, 266 F.3d 257, 282 (3d Cir. 2001). This prong requires Petitioner to show that counsel made errors "so serious" that counsel was not functioning as guaranteed under the Sixth Amendment. See id. To that end, Petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. See id. (citing Strickland, 466 U.S. at 688). However, "[t]here is a 'strong presumption' that counsel's performance was reasonable." See id.

Under the second Strickland prong, Petitioner "must demonstrate that he was prejudiced by counsel's errors." See id. This prong requires Petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

3

been different." See id. (quoting Strickland, 466 U.S. at 694). Reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." See id. (quoting Strickland, 466 U.S. at 694).

### III. DISCUSSION

In support of his ineffective assistance of counsel claim, Petitioner raises two (2) grounds, which the Court addresses in turn below.

#### A. Ground One: Failure to Request a Severance

In Ground One of his motion, Petitioner asserts that Mr. Kauzlarich "fail[ed] to represent him effectively by not pursuing a motion to sever his case from the case of his two codefendants." (Doc. No. 170 at 5.) More specifically, Petitioner maintains that Mr. Kauzlarich "should have demonstrate[d] to the district court that [P]etitioner would be prejudice[d] if he is tried with his codefendants because . . . [t]he jury would find [P]etitioner guilty not base[d] on his own action[s], but base[d] on the facts and evidence of his codefendants." (Id. at 5-6.) In opposition, the Government notes that "there was nothing to sever as [Petitioner] was the sole defendant who went to trial." (Doc. No. 180 at 15.) Accordingly, the Government asserts that Mr. Kauzlarich could not have been ineffective on this basis, nor could Petitioner have been prejudiced. (Id.)

As noted previously, a petitioner may prevail on a Section 2255 motion due to ineffective assistance of counsel, provided that the two prongs of the analysis articulated by the Supreme Court in Strickland v. Washington are met. Specifically, the petitioner must demonstrate: (1) "that counsel's performance was deficient[,]" which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" and (2) "that the deficient performance prejudiced the defense[,]" which "requires

showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." See Strickland v. Washington, 466 U.S. 668, 687 (1984).  Upon review of the first ground of Petitioner's Section 2255 motion, the Court finds that, under the relevant standard, Petitioner has not demonstrated that his counsel was ineffective for failing to request a severance.  As the Government noted, Petitioner was the only one of the three defendants charged in this case to go to trial;[1] therefore, there would have been no basis upon which counsel could have requested a severance.  Accordingly, because "counsel cannot be deemed ineffective for failing to raise a meritless claim," see Werts v. Vaughn, 228 F.3d 178, 203 (3d Cir. 2000), Petitioner has failed to demonstrate that Mr. Kauzlarich's representation was deficient in this respect.  Consequently, because Petitioner cannot establish deficient performance on the part of counsel or prejudice as a result of counsel's performance, the Court will deny Petitioner's motion as to the first basis for relief asserted therein.

        **B.**        **Ground Two: Failure to Demonstrate Insufficient Evidence**

In Ground Two of his motion, Petitioner claims that Mr. Kauzlarich's representation was deficient because he "fail[ed] to demonstrate to the jury, during [P]etitioner's trial, that the evidence was insufficient to find [P]etitioner guilty." (Doc. No. 169 at 5.)  Specifically, Petitioner asserts that Mr. Kauzlarich "fail[ed] to bring the relevant facts of the insufficient evidence against [P]etitioner and the supporting law to the jury['s] attention."  (Doc. No. 170 at 11-12.)  In opposition, the Government notes that during trial, "defense counsel did argue that [Petitioner] was innocent and quite frankly did an excellent job during the trial and during his closing argument." (Doc. No. 180 at 16.)

---

[1] The record indicates that one co-defendant entered into a plea agreement with the Government on April 11, 2018 (Doc. No. 43) and the other co-defendant remains at large.

Upon review of Ground Two of Petitioner's motion, the Court finds that Petitioner is not entitled to Section 2255 relief because Petitioner has not demonstrated ineffective assistance of counsel under the applicable Strickland analysis. The Court's review of the trial transcripts indicates that Mr. Kauzlarich thoroughly argued during his closing argument and throughout the course of trial that Petitioner was an innocent bystander who was inadvertently caught up in a conspiracy because he gave a friend a ride and had no criminal intent in his own right to engage in a drug conspiracy. See, e.g., (Doc. No. 161 at 259-271.) In closing, Mr. Kauzlarich specifically reminded the jury that, for example: (1) "at no point in time did we hear testimony about [Petitioner] actually handling or holding this backpack [containing drugs]" (id. at 264); (2) "there is no smoking gun proving that [Petitioner] knowingly and intentionally joined a conspiracy or intended to commit a crime" (id. at 265-66); and (3) "[Petitioner], he never touched the backpack" (id. at 266.) Mr. Kauzlarich walked the jury through each piece of the evidence proffered by the Government, arguing that it was all entirely circumstantial and providing alternative explanations for Petitioner's actions that might allow the jury to determine Petitioner had not been part of the conspiracy. (Id. at 266-68.) He even asserted that Petitioner's co-defendant, who reached a plea agreement with the Government instead of going to trial, lied about Petitioner's involvement in the conspiracy in order to receive a lighter sentence. (Id. at 268-70.) Although the jury ultimately rejected Mr. Kauzlarich's arguments and returned a guilty verdict, that fact does not demonstrate that Mr. Kauzlarich's performance was deficient. Indeed, the record clearly demonstrates that, contrary to Petitioner's contention in support of the instant motion, Mr. Kauzlarich made every effort to bring all relevant facts to the jury's attention and acted as a zealous advocate on Petitioner's behalf. Accordingly, the Court finds that Petitioner

has not identified any errors that Mr. Kauzlarich committed during trial and will deny Petitioner's motion as to the second basis for relief asserted therein.

### C.   Evidentiary Hearing

Section 2255(b) advises that a petitioner may be entitled to a hearing on his motion. The decision to hold a hearing is wholly within the discretion of the district court. See Gov't of Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989). Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing. See Gov't of Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985). In the instant case, the Court finds that "the motion and files and records of this case show conclusively that the movant is not entitled to relief." See United States v. Booth, 432 F.3d 542, 545 (3d Cir. 2005) (quoting Forte, 865 F.2d at 62). Accordingly, the Court finds no reason to hold an evidentiary hearing in this case.

### D.   Certificate of Appealability

In proceedings brought under Section 2255, a petitioner cannot appeal to the circuit court unless a certificate of appealability ("COA") has been issued. A court may not issue a COA unless "the applicant has made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2). In other words, a COA should not issue unless "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court concludes that Petitioner's claims of ineffective assistance are meritless, the Court finds that reasonable jurists would not disagree with the Court's assessment of Petitioner's claims. Accordingly, a COA will not issue in this case.

## IV.     CONCLUSION

Based on the foregoing, the Court concludes that Petitioner has not set forth any grounds in his Section 2255 motion that merit relief and, therefore, will deny the motion.  (Doc. No. 169.) Accordingly, the Court will not conduct an evidentiary hearing.  A certificate of appealability shall not issue.  An appropriate Order follows.